# Henrietta D'Arcey Wilson and others, *vs.* Mary Netterville Wilson and others.

The act of 1849, ch. 229, operates upon wills made before its passage, where the testator dies after the first day of June 1850.

Appeal from the Equity Side of the Superior Court of Baltimore city.

William T. Wilson died in June 1852, leaving a will executed on the 2nd of June 1849, by which he devised the whole of his estate, real and personal, of which he might die

possessed, to Thomas J. Wilson, in trust for the benefit of the appellants. After the execution of this will the testator, in his lifetime, acquired a fee-simple title to a certain lot in the city of Baltimore, which was sold under the bill in this case for the purpose of partition amongst those entitled. The proceeds of sale were distributed by the auditor's report to the heirs at law of the testator. To this report the appellants excepted, claiming the entire proceeds under the will by virtue of the act of 1849, ch. 229. This exception the court, (FRICK, J.,) overruled, on the 10th of September 1853, and passed an order confirming the auditor's report, from which this appeal was taken.

The cause was submitted to the court, LE GRAND, C. J., ECCLESTON, MASON and TUCK, J., on the record, without argument, by *Brown* and *Brune* for the appellants, and *James A. Buchanan* for the appellees.

TUCK, J., delivered the opinion of this court.

The sole question arising on this appeal is, whether certain real estate acquired by William T. Wilson, after the execution of his will, passed to his devisees, or descended to his heirs at law?

The order from which the appeal is taken, was passed after the decision by the Circuit Court of the United States on M. B. Carroll's will. Since then this court has decided that the act of 1849, ch. 229, operates upon wills made before its passage, where the testator dies after the first day of June 1850. As the testator, in this case, executed his will in June 1849, and died in June 1852, it follows that, according to the construction of the act of 1849, as established by this court, his after-acquired real estate must pass under the will, and not to the heirs at law. 4 *Md. Rep.*, 335. 5 *Md. Rep.*, 471.

The order of the Superior Court, assigning the proceeds of sale as of lands descended, will be reversed, and the cause remanded for a new audit, and appropriation of the fund under the will, the costs to be paid out of the estate.

*Order reversed and cause remanded.*